UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | | |
|---|---|---|
| MANUEL BOTELLO, # 504778, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:07-cv-341 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| SHIRLEE A. HARRY, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | |
|_____| ) | |

This is a habeas corpus proceeding brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is serving a prison sentence of 192-to-288 months, imposed by the Ingham County Circuit Court on August 31, 2004, after petitioner entered a plea of guilty to a charge of conspiracy to deliver a controlled substance in an amount in excess of 1,000 grams. MICH. COMP. LAWS § 333.7401(2)(a)(i). The original habeas corpus petition, filed by petitioner *pro se*, raised four claims for relief. By order entered October 2, 2007, this court granted petitioner's request for a stay of proceedings, as authorized by *Rhines v. Weber*, 544 U.S. 269 (2005), to allow petitioner to pursue unexhausted claims in the state courts.

On July 28, 2010, petitioner, now represented by counsel, moved to reopen the case. The motion was accompanied by an amended brief, setting forth the following four grounds for habeas corpus relief:

    I.       A SERIES OF ACTIONS AND OMISSIONS BY PETITIONER MANUEL
                    BOTELLO'S DEFENSE COUNSEL VIOLATED HIS SIXTH AND

FOURTEENTH AMENDMENT RIGHTS TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

II.     PETITIONER BOTELLO WAS (A) CONVICTED ON INSUFFICIENT EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT AND (B) WAS DENIED HIS RIGHTS TO CONFRONTATION AND TO PRESENT A DEFENSE WHEN THE TRIAL COURT REFUSED TO PERMIT THE IDENTITY OF THE CONFIDENTIAL INFORMANT TO BE DISCLOSED.

III.    PETITIONER BOTELLO'S SENTENCE WAS IMPOSED CONTRARY TO THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

IV.     PETITIONER BOTELLO IS ENTITLED TO HABEAS RELIEF BECAUSE HE WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL ON HIS DIRECT APPEAL.

(Petitioner's Amended Brief, docket # 25, at 1).  Accompanying petitioner's amended brief was a motion for evidentiary hearing.  Petitioner's motion seeks a hearing on his claims of ineffective assistance of counsel, as set forth in grounds I and IV of the amended petition.  By order entered July 29, 2010, the court granted petitioner's motion to reopen the case and directed respondent to answer both the "amended brief" and the motion for evidentiary hearing.

## 1.

Review of this file in connection with petitioner's motion for an evidentiary hearing reveals some understandable confusion in the mind of the Attorney General concerning the claims now pending before the court.  The original *pro se* petition, which was supported by a rambling and diffuse 111-page brief, set forth four claims for relief, including abuse of discretion by the trial court in denying petitioner's motion to withdraw his guilty plea, sentencing error, abuse of discretion in the trial court's denial of a motion to disclose the identity of a confidential informant, and ineffective

assistance of trial and appellate counsel.  (Pet., docket # 1, ¶ 14).  Petitioner's counsel, in moving

to lift the stay and reopen this case, submitted an "amended brief" (docket # 25), setting forth the

habeas claims listed above.  It is unclear to the Attorney General (and now unclear to the court)

whether the amended brief is intended to restate petitioner's claims in their entirety, on the one hand,

or to add four different claims to the already pending claims, on the other.  This ambiguity can be

readily cured by the filing of an amended petition by counsel, on the form required by this court and

available on its website, for all habeas corpus actions.  (Found on the court's website,

www.miwd.uscourts.gov, under Court Forms/Prisoner Forms/Petition for Writ of Habeas Corpus.)

The amended petition must be filed within 21 days and set forth an exhaustive list of all habeas

corpus claims asserted on petitioner's behalf in this matter.  No further briefing is required.

## 2.

Petitioner's counsel has moved for an evidentiary hearing on grounds I and IV of the

"amended brief," which allege various instances of ineffective assistance of trial and appellate

counsel.  Before the passage of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA),

PUB. L. No. 104-132, 110 STAT. 1214, the decision to grant an evidentiary hearing was essentially

discretionary in the district court.  *See Brown v. Allen*, 344 U.S. 443, 463-64 (1953).  AEDPA,

however, limited the circumstances in which the court is allowed to grant evidentiary hearings in

habeas corpus actions.  AEDPA provides that the district court shall not hold an evidentiary hearing

"if the applicant has failed to develop the factual basis of a claim in State court proceedings."  28

U.S.C. § 2254(e)(2).  This standard requires the exercise of diligence by a habeas petitioner.  *See*

*Williams v. Taylor*, 529 U.S. 420, 432 (2000).  Consequently, to deny an evidentiary hearing on the

basis of the introductory sentence of section 2254(e)(2), the record must show that petitioner is guilty

of a lack of diligence, or some greater fault, in failing to develop the factual basis of a claim in the

state courts. 529 U.S. at 432. The record in the present case would not support such a finding. The

record shows that appellate counsel filed a motion to withdraw the guilty plea, which was heard by

the trial court on September 28, 2005. (Transcript, docket # 38). The transcript of the hearing

clearly demonstrates that appellate counsel was requesting a "*Ginther* hearing" regarding the

adequacy of counsel's assistance surrounding the plea of guilty and sentencing. Such a motion in

the trial court is the appropriate means under Michigan law to request an evidentiary hearing to

support claims of ineffective assistance of counsel. *See People v. Ginther*, 212 N.W.2d 922 (Mich.

1973). The trial judge (the same judge who had taken the guilty plea) denied an evidentiary hearing,

finding that defense counsel's performance "was reasonable in light of prevailing professional

standards," on the basis of her review of the file in the case. (Tr., 9). By moving for a *Ginther*

hearing in the trial court before taking a direct appeal, petitioner's appellate counsel invoked the

appropriate procedure. Petitioner therefore is not barred from receiving an evidentiary hearing.

"However, the fact that [a petitioner] is not disqualified from receiving an evidentiary

hearing under § 2254(e)(2) does not entitle him to one." *Bolling v. Parker*, 344 F.3d 487, 512 (6th

Cir. 2003). The issue remains one of trial court discretion. *Id.* In exercising this discretion, the

court must take into account the deferential standard prescribed by section 2254(d) for the grant of

habeas corpus relief. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). In the present case, AEDPA

deference appears to apply to the claims of ineffective assistance of counsel, as the trial judge

rejected those claims on their merits in post-sentencing proceedings (Tr., docket # 38, at 9) and again

in denying petitioner's motion for post-judgment relief on its merits (Op. & Order denying Motion

for Relief From Judgment, docket # 25-1, ID#s 408-11). In such circumstances, the federal habeas court is required to be doubly deferential in reviewing Sixth Amendment claims. *See Harrington v. Richter*, 131 S. Ct. 770, 788 (2011). The standard for reviewing claims of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), is itself "highly deferential," as is the AEDPA standard set forth in 28 U.S.C. § 2254(d). *Harrington*, 131 S. Ct. at 788. In deciding whether to grant an evidentiary hearing to a petitioner alleging a Sixth Amendment violation, therefore, the court must view the question through the prism of this deferential standard of review and deny the hearing if the record refutes or otherwise precludes habeas relief. *Schriro*, 550 U.S. at 474.

In light of the Supreme Court's holding in *Schriro*, the availability of an evidentiary hearing is often intertwined with a review of petitioner's claims on the merits. The present case is one example of this situation. The arguments of counsel in favor of and against an evidentiary hearing rely extensively on the state-court record in this case and essentially argue the merits of the Sixth Amendment claims. If, as respondent contends, the state-court record clearly refutes petitioner's Sixth Amendment claims, then the petition should be denied and no hearing conducted. *Schriro*, 550 U.S. at 474. If, by contrast, a review of the state-court record reveals unanswered factual questions concerning the effectiveness of counsel, an evidentiary hearing may be required. Until this court conducts a plenary review of the state-court record, including the proceedings on direct and collateral review, the advisability of an evidentiary hearing remains an open question.

In these circumstances, the court's usual practice is to deny a request for an evidentiary hearing without prejudice. This case was reopened only recently, and many other habeas corpus cases are therefore lined up ahead of this case in priority. If, after plenary review of the

record, the court determines that an evidentiary hearing is necessary under the foregoing standard, one will be ordered without the necessity of a further request by petitioner.

For the foregoing reasons, petitioner's motion for an evidentiary hearing will be denied without prejudice.

Dated: March 24, 2011
/s/  Joseph G. Scoville
United States Magistrate Judge